UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LILY ENG,

                Plaintiff(s),  **REPORT AND**
**RECOMMENDATION**
     -against-  CV 10-3117 (SJF) (WDW)

RICK CASH, CHRISTINA BIRNER, and
MARGARET MILIDANTRI,
                Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Feuerstein is the defendants' motion to dismiss the pro se complaint. DE[8]. The plaintiff, Lilly Eng, opposed the motion. DE[9]. For the reasons set forth herein, I recommend that the motion be granted and that the pro se plaintiff be given an opportunity to file an amended complaint.

## BACKGROUND

Eng filed this lawsuit on 7/8/10, alleging claims against three individuals employed by the Nassau County Office of Housing. The barebones complaint states that the claims are asserted pursuant to "42 U.S.C. 3545[1] of HUD Accountability," and alleges that "In September of 2007 [Mr.] Amster (tenant) w[as] approved for section 8 housing by Housing Specialist Rick Cash, Christina Birner and deputy director Margaret Milidantri. On every housing applications and forms my signature was forged. Social Security and phone numbers were incorrect. The relief I am seek[ing] is money damages from the defendant[s]." DE[1]. In her opposition to the motion to dismiss, the plaintiff explains further that the defendants, while employed at the Nassau County Office of Housing, negligently approved Amster for section 8 housing and he and his

---

    [1]42 USC§4354 is typed on the Complaint, but that section is crossed out and section 3545 written in by hand. There is currently no section 4354 in 42 U.S.C.

wife became tenants in property owned by Eng. See DE[9]. She states that it took her two years to have him evicted and she sustained expenses both in the eviction process and in repairs she had to make to her house caused by Amster's destruction of her property. This would not have happened, she argues, if the defendants had done their job properly. *Id.*

The defendants accept as true for purposes of this motion the following facts. In September 2007, Mr. & Mrs. Amster were approved for section 8 housing by the Nassau County Department of Housing and became tenants in Eng's house. DE[8-3] at 1. The housing application and forms used to approve the Amsters contained incorrect social security and phone numbers and forged Eng's signature. The defendants have moved to dismiss pursuant to Federal Rule 12(b)(1)&(6), arguing that the statute on which Eng relies, 42 U.S.C. §3545, does not provide for a private cause of action and thus does not state a claim, and that the court lacks subject matter jurisdiction to hear the claim.

## DISCUSSION

### THE RULE 12(B)(1) &(6) STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion is essentially the same as the 12(b)(6) standard, except that a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Hoops v. KeySpan Energy,* 2011 WL 846198, *2 (E.D.N.Y. March 8, 2011)(citing *Makarova*, 201 F.3d at 113).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)

and 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* ___ U.S. ___ , 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court clarified the appropriate pleading standard in *Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. District courts are to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly,* 550 U.S. at 556-57) (internal citations

omitted).

When considering a motion to dismiss a pro se complaint, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. North Shore Towers Apartments, Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000); *Hughes v. Rowe,* 449 U.S. 5, 9, (per curiam)(noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers")). However, "mere conclusions of law or unwarranted deductions" need not be accepted. *Rosen,* 2011 WL 2550733 at *2 (citing *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir. 1994)(internal citations omitted)).

**Claim Pursuant to 42 U.S.C. §3545:**

The complaint, as noted, is based on 42 U.S.C.§3545. The statute on which Eng relies sets out various details of HUD accountability and, *inter alia,* authorizes the Secretary of HUD to impose civil monetary penalties on anyone who knowingly and materially violates the provisions related to the disclosure of information by applicants seeking such assistance. 42 U.S.C.§3545(f). In this regard, it creates a vehicle by which the Secretary can impose penalties for knowing and material violations of statutory disclosure requirements, such as the one alleged against the Amsters herein. *See Ayres v. United States,* 66 Fed. Cl. 551, 563 (Ct. Fed. Cl. 2005). The defendants correctly argue that it does not give Eng a private cause of action to get damages from the local HUD entity. The only provisions of section 3545 that mention civil penalties are (e), (f) and (g), and those sections authorize only the Secretary to pursue and impose such penalties. Nothing suggests that a private citizen may seek money damages under the statute and the *Ayres* court held that section 3545 "does not mandate compensation by the federal government for

4

damages sustained for such a violation." 66 Fed. Cl. at 563. Presumably, the same is true as to a claim against individual employees of a local agency enforcing the statute. The statute does not provide for the payment of damages to a landlord-claimant, no matter who the defendants are. Because the complaint is based only on section 3545 and does not state a claim pursuant to that law, the court also lacks subject matter jurisdiction and the complaint must be dismissed pursuant to both 12(b)(1) and 12(b)(6).

Eng argues that the complaint should not be dismissed because "the Department of Housing falls under the Federal Jurisdiction." DE[9] at 1. It is not entirely clear what legal argument Eng is making. Perhaps she is arguing generally that the federal courts should hear claims against a federal entity like HUD and its local administrators. That argument does not, however, change the fact that there is no private cause of action under section 3545 and that she thus has not stated a claim.

As noted *supra*, the pro se complaint must be interpreted liberally to discern any other viable claims that the allegations suggest. The complaint here, however, suggests no other federal claims in its current state. The possibility exists, however, that Ms. Eng may have valid claims under some other statute, and/or state law[2]. The defendant specifically argues that no section 1983 claim is cognizable under section 3545, which "does not create enforceable rights, privileges or immunities within the meaning of §1983." DE[8-3] at 5-6 (citing to *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990)). While that may be so, section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the

---

[2]Of course, if Ms. Eng pursues a claim based only on state law, she must do so in state court, as there would be no subject matter jurisdiction here, where all of the parties are presumably New York citizens.

Constitution and laws" of the United States, and there could be some basis for a section 1983 claim other than section 3545. *See Wilder,* 496 U.S. at 508. In any event, there is no §1983 claim in the complaint, either express or implied, and thus, I will not speculate on what claims Ms. Eng might raise

I recommend that the complaint be dismissed and Eng be given an opportunity to file an amended complaint.

## OBJECTIONS

A copy of this Report and Recommendation is being mailed to the plaintiff and sent by electronic filing to the defendants on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 5, 2011

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge