UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LILY ENG,

        Plaintiff(s),      **REPORT AND**
                  **RECOMMENDATION**
   -against-           CV 10-3117 (SJF) (WDW)

RICK CASH, CHRISTINA BIRNER, and
MARGARET MILIDANTRI,
        Defendant(s).
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

  Before the court on referral from District Judge Feuerstein is the defendants' motion to dismiss the pro se Amended Complaint. DE[17]. The plaintiff, Lily Eng, opposed the motion. DE[18]. The plaintiff's original complaint was dismissed and she was given leave to replead. [12]. For the reasons set forth herein, I recommend that the motion be granted and the Amended Complaint be dismissed for lack of subject matter jurisdiction. Because it does not appear that the plaintiff will be able to make out a viable federal claim on the facts alleged, I do not recommend that leave to replead be granted.

## BACKGROUND

  Eng filed this lawsuit on 7/8/10, alleging claims against three individuals employed by the Nassau County Office of Housing. The original complaint stated that the claims were asserted pursuant to "42 U.S.C. 3545[1] of HUD Accountability," and alleged that "In September of 2007 [Mr.] Amster (tenant) w[as] approved for section 8 housing by Housing Specialist Rick Cash, Christina Birner and deputy director Margaret Milidantri. On every housing applications and forms my signature was forged. Social Security and phone numbers were incorrect. The relief I

---

[1] 42 USC§4354 was typed on the Complaint, but that section was crossed out and section 3545 written in by hand. There is currently no section 4354 in 42 U.S.C.

am seek[ing] is money damages from the defendant[s]." DE[1]. In her opposition to the motion to dismiss, the plaintiff explained further that the defendants, while employed at the Nassau County Office of Housing, negligently approved Amster for section 8 housing and he and his wife became tenants in property owned by Eng. See DE[9]. She stated that it took her two years to have him evicted and she sustained expenses both in the eviction process and in repairs she had to make to her house caused by Amster's destruction of her property. This would not have happened, she argues, if the defendants had done their job properly. *Id.*

In her Amended Complaint, the plaintiff states that the basis for federal jurisdiction is "42 USC 1983." DE[14], §II B. She alleges that:

> Due to the negligence of the defendants, Mr. Amster & family were approved for section 8 housing and rented my house (4 bedrooms and finish[ed] basement). Mr. Amster (tenant) forged my signature on every single form and made up social security number. Mr. Amster also provided the defendants with his phone number so he know when and where to appear to get approval for housing. The defendants are housing specialist[s], but never did the defendants investigate or verify any information given. The defendants did not even have any copies of identification of who is who. I lost one year's income of rent, major damages interior and exterior of my house and went from First District Court all the way to Supreme Court th[e]n to Bankrup[t]cy Court to finally evict Mr. Amster and family by Sheriff, all due [to] the negligence of the defendants."

DE[14], §III C.

In the original complaint, Ms. Eng asserted a claim pursuant to 42 U.S.C. § 3545, and the complaint was dismissed because no civil cause of action for personal damages is allowed under that law. See DE[12]. In the Amended Complaint, Ms. Eng does not specify any statutory basis for her claims other than Section 1983, but in her Memorandum of Law in Opposition[2] she refers to the "Tort Claim Act."

---

[2]Ms. Eng calls her opposition a "Memorandum in Support of Plaintiff's Motion Not to Dismiss this Complaint," but it is not a motion.

The defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule 12(b)(1)&(6), arguing that Section 1983 does not provide a cause of action in the absence of some constitutional or federal law violation, and that the facts in the Amended Complaint do not set out any such violation.

## DISCUSSION

### THE RULE 12(B)(1) &(6) STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion is essentially the same as the 12(b)(6) standard, except that a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Hoops v. KeySpan Energy,* 2011 WL 846198, *2 (E.D.N.Y. March 8, 2011)(citing *Makarova*, 201 F.3d at 113).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court clarified the appropriate pleading standard in *Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. District courts are to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly,* 550 U.S. at 556-57) (internal citations omitted).

When considering a motion to dismiss a pro se complaint, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. North Shore Towers Apartments, Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000); *Hughes v. Rowe,* 449 U.S. 5, 9, (per curiam)(noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers")). However, "mere conclusions of law or unwarranted deductions" need not be accepted. *Rosen,* 2011 WL 2550733 at *2 (citing *First Nationwide Bank v. Gelt Funding Corp.,*

27 F.3d 763, 771 (2d Cir. 1994)(internal citations omitted)).

**Claim Pursuant to 42 U.S.C. §1983:**

Section 1983 does not create enforceable rights, privileges or immunities. Instead, it provides a "method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution." *Carter v. Belmont Shelter Corp.,* 2005 WL 578165, *4 (W.D.N.Y. 2005)(internal citations omitted). To state a claim under section 1983, "'two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Isaacs v. City of New York,* 2012 WL 314870, *2 (E.D.N.Y. Feb. 1, 2012)(quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). To withstand a motion to dismiss, a complaint alleging section 1983 claims must contain "specific allegations of fact indicating a deprivation of plaintiff's constitutional rights." *Walker v. Goord,* 2000 WL 297249, *3 (S.D.N.Y. Mar. 22, 2000). I will assume for purposes of this discussion that the defendants, employees of a county agency, acted under color of state law and look to whether a deprivation of federal rights can be inferred from the Amended Complaint.

The defendants argue that there is no allegation of a violation of a constitutionally or federally protected liberty or property interest of which Ms. Eng was deprived as a result of governmental action, only a claim that, because of the defendants' negligence, she lost money due to Amster's breach of his rental contract. Although Eng does not expressly mention a Due Process claim, the defendants recognize that one might be inferred from the pro se Amended Complaint, and argue that she has not alleged facts implying that she had a property right

5

protected by the Constitution.

A due process claim requires a plaintiff to identify a property or liberty interest that is entitled to due process protection. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538-39 (1985). "Property interests protected by due process. . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Martz v. Village of Valley Stream,* 22 F.3d 26, 29 (2d Cir. 1994)(internal citations omitted). Property interests are not created by the Constitution; they are defined by independent sources such as federal and state law. When determining whether a plaintiff has a claim of entitlement, a court must focus on the applicable statute, contract or regulation that purports to establish the benefit. *Roth v. City of Syracuse,* 96 F. Supp. 2d 171, 177 (N.D.N.Y. 2000).

It is difficult to determine what property right Eng is suggesting. If she means that she has a property right in getting paid rent and not having her apartment damaged, no claim against the defendants, who are employees at the Nassau County Housing Authority, would succeed. It is Amster who failed to pay rent and who damaged the apartment. As the defendants have observed, rights under the lease, a contract between Eng and Amster, cannot be viewed as constitutionally protected or entitled to due process protection. *See* DE[17-6] at 8 (citing *Martz,* 22 F.3d at 30, for the proposition that the interest a person has in an "ordinary commercial contract often 'is qualitatively different from the interest the Supreme Court has thus far viewed as "property" entitled to procedural due process protection'"). *See also Ganci v. New York City Transit Auth.,* 420 F. Supp. 2d 190, 202 (S.D.N.Y. 2005) (routine commercial contracts do not

give rise to protected property interests); *Walentas v. Lipper,* 862 F.2d 414, 418 (2d Cir. 1988)(contract dispute, in and of itself, insufficient to give rise to cause of action under section 1983).

Or, we might assume Eng's alleged "property" right to be an entitlement to negligence-free processing of Section 8 procedures. Eng argues that if the defendants had done their job properly, Amster would never have taken up residence in the apartment and she would not have suffered the financial losses that she did. Research has not yielded any case that suggests that such a right exists under federal law. Some cases have found that landlords do not have a property right to participation in a Section 8 housing program. *See Oldfield v. Village of Dansville,* 769 F. Supp. 2d 165, 171 (W.D.N.Y. 2011)(citing cases). Other cases have found that, under some circumstances, Section 8 tenants have a procedural due process right. *See Carter*, 2005 WL 578165 at * 4-5 (citing cases). But no cases that I have suggest that a Section 8 landlord has a constitutionally protected due process interest in a negligence-free process of screening tenants that can form the basis of a section 1983 claim, and it is unlikely that such a an interest would ever be found. The Fourteenth Amendment guarantee of due process has been applied to "*deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Stamm v. New York City Transit Auth.,* 2006 WL 1027142, *7 (E.D.N.Y. Feb. 7, 2006)(citing *Daniels v. Williams,* 474 U.S. 327, 331 (1986)(emphasis in original)). Thus, "'negligently inflicted harm is categorically beneath the threshold of constitutional due process.'" *Id.* (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998)). Because the facts alleged by Eng can be read only to allege negligence on the part of the defendants, any due process claim based on that negligence must be dismissed.

In her Opposition to the motion, Eng says that the violation committed by the defendants is a "42 U.S.C. 1983 Tort Claim Act." DE[18]. But I cannot infer a Federal Torts Act Claim ("FTCA" from the Amended Complaint. The FTCA is a statute that waives federal government immunity for some common law torts, and here, no tort by the federal government is suggested. *See Byars v. Malloy*, 2011 WL 4538073, *4 (D. Ct. Sept. 29, 2011). Further, there is no suggestion that the strict prerequisite to a FTCA claim - filing an administrative claim with the appropriate agency -has been met.

Thus, I recommend that the Amended Complaint be dismissed. I do not recommend that she be given leave to amend again. The facts alleged may give rise to state law claims that could be brought in state court, but no basis for federal jurisdiction is alleged or suggested.

**OBJECTIONS**

A copy of this Report and Recommendation is being mailed to the plaintiff and sent by electronic filing to the defendants on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 8, 2012

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge